IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MARLENE STAGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-cv-00097 |
| ) | Judge Nixon |
| MICHAEL J. ASTRUE, ) | Magistrate Judge Bryant |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Marlene Staggs' Motion for Judgment on the Record ("Motion") (Doc. No. 14), filed with a Memorandum in Support (Doc. No. 15). Defendant Commissioner of Social Security filed a Response in Opposition. (Doc. No. 16.) Magistrate Judge Bryant issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied and the final decision of the Commissioner be affirmed. (Doc. No. 18.) Plaintiff filed Objections to the Report (Doc. No. 20), to which Defendant filed a Response (Doc. No. 21). Upon review of the record, the Court **ADOPTS** the Report in its entirety, **DENIES** Plaintiff's Motion, and **AFFIRMS** the decision of the Commissioner.

**I.  BACKGROUND**

*A. Factual Background*

The Court adopts the facts as stated in the Review of the Record in Magistrate Judge Bryant's Report (Doc. No. 18 at 3-7).

*B. Procedural Background*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") on December 26, 2006, asserting disability due to carpal tunnel

1

syndrome, neck problems, and resulting pain and weakness. (Tr. 90, 93, 116.) Plaintiff's application was denied upon initial review, and again upon reconsideration. (Tr. 47-51, 54-59.) Plaintiff's request for a hearing before an Administrative Law Judge ("ALJ") was granted, and the hearing took place on March 27, 2009. (Tr. 20-37.) The ALJ denied Plaintiff's claim on May 8, 2009. (Tr. 11-19.) The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

2. The claimant has not engaged in substantial gainful activity since January 16, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: carpal tunnel syndrome; and degenerative disc disease of the cervical spine (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can only frequently climb ramps and/or stairs; only occasionally climb ladders, ropes, and/or scaffolds; only frequently balance, stoop, kneel, crouch, and/or crawl; is limited to only frequent reaching above shoulder level with both arms; and must avoid concentrated exposure to vibration.

6. The claimant is able to perform her past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 16, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-15, 18.)

On September 12, 2009, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner in this case. (Tr. 1-3.) On September 29, 2009, Plaintiff filed this action to obtain judicial review of the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) On December 21, 2009, Plaintiff

filed a Motion for Judgment on the Record (Doc. No. 14), to which Defendant responded on January 20, 2010 (Doc. No 16).  Plaintiff filed a Reply on January 26, 2010.  (Doc. No. 17.)  On January 4, 2011, Magistrate Judge Bryant issued a Report recommending that the Commissioner's decision be affirmed and the Plaintiff's Motion be denied.  (Doc. No. 18.)  Plaintiff asserted two objections to the Magistrate Judge's findings on January 5, 2011, specifically:

1. Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ correctly determined that her medical impairments do not meet or equal a listed impairment.

2. Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ properly credited the opinion of Plaintiff's treating specialist, Dr. Douglas Freels.

 (Doc. No. 20.)  Defendant filed a Response on January 19, 2011.  (Doc. No. 21.)  The Court discusses the merits of Plaintiff's objections below.

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*.  28 U.S.C. § 636(b).  This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).  Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is "more than a mere scintilla of evidence, but less than a

preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

*A. Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ correctly determined that her medical impairments do not meet or equal a listed impairment.*

The Magistrate Judge's Report finds that the ALJ correctly determined that Plaintiff's medical impairments do not meet or equal a listed impairment. (Doc. No. 18 at 10-13.) Plaintiff does not object to this finding. As the Court finds the Report to be well founded, the Report is adopted regarding this issue.

Plaintiff, however, raises a new argument that the ALJ impermissibly failed to articulate his reasons for finding that Plaintiff's medical impairments do not meet or equal a listed impairment, specifically Listings 1.02, 1.04 and 1.08 for musculoskeletal impairments. (*Id.* at 1.) Plaintiff argues that the ALJ's failure to articulate his reasons requires that her case be remanded,

4

regardless of the Magistrate Judge's findings, citing precedent from the Seventh Circuit and the Eastern District of Michigan. (*Id.*)

At step three of an ALJ's overall disability determination, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). A claimant who meets or equals a listed impairment is deemed disabled and eligible for benefits. *Id.* § 404.1520(d). A claimant must satisfy all of a listing's criteria to meet it. *Id.* § 404.1525(c)(3). A claimant may also be disabled if his impairments are "equal in severity and duration to the criteria of any listed impairment." *Id.* § 404.1526(a). An ALJ must compare the available medical evidence with the requirements for listed impairments to determine whether a claimant's condition is equivalent to a listing. *Reynolds v. Comm'r of Soc. Sec.*, No. 09-2060, 2011 WL 1228165, at *2 (6th Cir. Apr. 1, 2011).

An ALJ's explanation of his step-three determination need not be elaborate. The Sixth Circuit has consistently rejected a heightened articulation standard, noting in *Bledsoe v. Barnhart* that the ALJ is under no obligation to spell out "every consideration that went into the step three determination" or "the weight he gave each factor in his step three analysis," or to discuss every single impairment. 165 F. App'x 408, 411 (6th Cir. 2006). Nor is the procedure so legalistic that the requisite explanation and support must be located entirely within the section of the ALJ's decision devoted specifically to step three; the court in *Bledsoe* implicitly endorsed the practice of searching the ALJ's entire decision for statements supporting his step three analysis. *See id.*

Here, the ALJ's step-three analysis consists of a single statement: "The claimant does not have the gravity of symptoms nor medical documentation in order to establish an impairment of listing level severity." (Tr. 14.) As Plaintiff notes, courts have rejected similarly cursory

5

conclusions and remanded the cases for further explanation. *See Mogg v. Barnhart*, 199 F. App'x 572, 576 (7th Cir. 2006); *Williams v. Barnhart*, 407 F. Supp. 2d 862, 864 (E.D. Mich. 2005). However, in both of these cases, the courts found that there were conflicts of evidence such that a more thorough step-three analysis could have yielded a finding that the claimant's condition met or equaled a listed impairment and, consequently, that the claimant was disabled. *Mogg*, 199 F. App'x at 576; *Williams*, 407 F. Supp. 2d at 865. More recently, in *Reynolds v. Commissioner of Social Security*, the Sixth Circuit similarly found that a cursory conclusion at step three required remand. 2011 WL 1228165, at *4. However, like the courts in *Mogg* and *Williams*, the Sixth Circuit found that "it is possible that the evidence [the claimant] put forth could meet [a] listing." *Id.*

In this case, the Magistrate Judge concluded that the evidence in the record is insufficient for Plaintiff to establish that her condition meets or equals any of the listed impairments – a finding adopted by this Court, *supra*. There does not exist, therefore, the same concern faced by other courts that a more substantial step-three analysis could have resulted in a different disability determination. Thus, the Court adopts the portion of the Report related to step three of the disability determination and adds the finding that the ALJ's failure to elaborate on his step-three conclusion does not constitute reversible error.

B. *Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ properly credited the opinion of Plaintiff's treating specialist, Dr. Douglas Freels.*

Plaintiff further argues that the Magistrate Judge erred in finding that the ALJ properly credited the opinion of her treating specialist, Dr. Douglas Freels. (Doc. No. 20 at 2.) Plaintiff argues in her Objections that the ALJ improperly rejected Dr. Freels' opinion in favor of Dr. Surber, a non-treating physician, and also violated Sixth Circuit precedent by discounting Dr.

Freels' opinion based on the fact that other physicians reached contrary opinions. (Doc. No. 20 at 2.) Plaintiff cites *Hensley v. Astrue*, 573 F.3d 263 (6th Cir. 2009) in support of the latter proposition. (*Id.*) Finally, Plaintiff argues that the ALJ failed to address all of the factors required by 20 C.F.R. § 404.1527(d)(2) in evaluating a treating physician's opinion. (*Id.*)

A "treating source" is one who has provided the claimant with medical treatment or evaluation and who has had an ongoing treatment relationship with the claimant. 20 C.F.R. §§ 404.1502, 416.902. Generally, the opinions of treating physicians are entitled to greater weight than the opinions of non-treating physicians. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). If the opinion of the treating physician as to the nature and severity of the claimant's conditions is supported by accepted clinical and laboratory diagnostic tests and is not inconsistent with other substantial evidence from the record, it will have controlling weight. *Rogers*, 378 F.3d at 242.

In determining the weight of the treating physician's opinion, the ALJ must consider "a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Id.* When discounting the opinion of the treating physician, the ALJ must provide "good reasons" that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 242 (quoting SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996)). The less consistent an opinion is with the record, the less weight it will be given. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Deciding what weight to give to competing evidence, such as contradicting opinions by multiple treating physicians, is an administrative finding for which the final authority resides with the Commissioner. *See* 20

C.F.R. § 416.927(e); *Walker v. Sec'y Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992).

As a preliminary matter, Dr. Freels was not a treating source with regard to all of Plaintiff's alleged impairments. When Plaintiff complained of continuing pain and discomfort after undergoing carpal tunnel release procedures, Dr. Freels suggested that Plaintiff's neck might be the source of the pain rather than ongoing carpal tunnel. (Tr. 126.) Dr. Freels ordered certain tests but eventually referred Plaintiff to a specialist because, by his own admission, Dr. Freels neither specializes in neck problems nor treated Plaintiff's neck. (Tr. 128.) To the extent that Dr. Freels' opinions were based upon pain and suffering potentially attributable to Plaintiff's neck, Dr. Freels cannot be deemed a treating source. Indeed, as the ALJ notes, there is no treating source at all with respect to Plaintiff's neck, because she failed to heed Dr. Freels' advice to see a specialist in that area. (Tr. 16.)

To the extent that Dr. Freels is a treating source, Plaintiff, in her Objections, is not entirely clear as to what portion of Dr. Freels' opinion the ALJ allegedly failed to properly credit. The Magistrate Judge found, and this Court agrees, that the ALJ correctly evaluated Dr. Freels' statement that "it would be improbable that [Plaintiff] would be able to return to the similar kind of job that she previously had." (Doc. No. 18 at 14.) As both the ALJ and Magistrate Judge noted, this statement is not a medical opinion but instead goes to the ultimate legal issue of disability, and therefore it is not subject to controlling weight. 20 C.F.R. § 404.1527(e). ALJs are under no obligation to give any weight to physicians' opinions on issues reserved for the Commissioner, even if provided by treating sources. *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (citing 20 C.F.R. § 404.1527(e)(1)). Plaintiff does not appear to object to this specific finding.

8

In the Memorandum in Support of her Motion, Plaintiff also refers to comments by Dr. Freels "about the types of work she should avoid because of her restrictions and limitations." (Doc. No. 15 at 13.) Plaintiff refers to page 357 of the record, where Dr. Freels testified that he advised Plaintiff "that she should avoid jobs that do a lot of repetitive lifting, gripping, repetitive motion, jobs that might aggravate the carpal tunnel." To the extent that the ALJ discounted Dr. Freels' opinion that Plaintiff could not perform more demanding jobs beyond the previously discussed statement about returning to her past work, substantial evidence supports the ALJ's treatment of the findings.

The ALJ partially rejected Dr. Freels' opinion because of the contrary opinion of Dr. Surber, an examining physician. However, Plaintiff's reliance on the Sixth Circuit's decision in *Hensley* is misplaced. (Doc. No. 21 at 3.) In *Hensley*, the ALJ rejected a treating physician's opinion on the sole basis that another physician had reached the opposite conclusion. 572 F.3d at 266. The court found that a second physician's contrary opinion did not constitute sufficiently good reasons for rejection that of a treating physician under 20 C.F.R. § 404.1527(d). *Id.* at 267. In contrast, the ALJ here did not rely solely on Dr. Surber's opinion in giving little weight to Dr. Freels' opinion; rather, the ALJ stated that Dr. Freels' opinion was not supported by the evidence as a whole, as well as being clearly contradicted by Dr. Surber's opinion. (Tr. 17.) An ALJ may properly accord little weight to a treating source opinion when it is inconsistent with the evidence as a whole. 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).

The Court agrees with the Magistrate Judge that substantial evidence exists to support the ALJ's finding that Dr. Freels' opinion was inconsistent with the record as a whole. A few months after Dr. Freels performed carpal tunnel release surgery on Plaintiff, he told her that she could return to work as long as she refrained from doing repetitive work. (Tr. 308.) Dr. Freels

9

stated that his later doubts about Plaintiff's ability to work were based upon her inability to grip things. (Tr. 154.) Although Dr. Freels noted some weakness in Plaintiff's grip tests (Tr. 304, 306), Plaintiff's physical therapist reported that she did not believe Plaintiff was putting forth a good effort in her grip tests, and that the results were inconsistent with Plaintiff's reported ability to function. (Tr. 304.) Plaintiff's functional ability was reported to include the ability to complete light or moderate home tasks and her independence with all activities of daily living. (Tr. 285.)

Further, Dr. Surber noted that in Plaintiff's 2007 consultative examination, she "did not demonstrate today any specific weaknesses in the muscle groups of her arms or her legs and maintains strong 5/5+ grip strength today, having no areas of decreased sensation to light touch in her hands or her feet." (Tr. 331.) Dr. Surber concluded that Plaintiff had "no limitations regarding the function and mobility of any of her areas of complaint nor in any of her extremities or joints." (Tr. 330.) All together, substantial evidence supports the ALJ's treatment of Dr. Freels' opinion on Plaintiff's ability to work.

Plaintiff also states in her Objections that the ALJ failed to address all of the factors that he was required to consider under 20 C.F.R. § 404.1527(d)(2) in determining what weight to give to Dr. Freels' opinion. (Doc. No. 20 at 2.) Plaintiff asserts that substantial evidence does not excuse the ALJ's non-compliance with § 404.1527(d)(2). (*Id.*) Plaintiff's Objection does not identify which specific factors the ALJ allegedly did not consider. However, Plaintiff's Memorandum in Support of her Motion generally states that the ALJ failed to give good reasons for rejecting Dr. Freels' opinion as required by § 404.1527(d)(2). (Doc. No. 15 at 11.) The Court therefore assumes that Plaintiff intended to rearticulate this argument in her Objection.

"Good reasons" means "specific reasons . . . supported by the evidence in the case record . . . sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 ( July 2, 1996). In this case, the ALJ stated that he discounted Dr. Freels' opinion regarding Plaintiff's ability to work because it "is not supported by the record as a whole and is clearly contradicted by the objective clinical findings of another examining physician." (Tr. 17.) The ALJ also stated that he would not accord Dr. Freels' opinion any weight. (*Id.*) The Court finds that the ALJ's explanation provides good reasons for his conclusion. It is clear what weight the ALJ gave to Dr. Freels' opinion and why: specifically, his opinion was entitled to no weight because the opinion was inconsistent with the record as a whole and the opinions of other physicians, a finding for which there is substantial supporting evidence. Accordingly, the Court adopts the relevant portion of the Report.

**IV.    CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the Report, **DENIES** Plaintiff's Motion, and **AFFIRMS** the decision of the Commissioner.

It is so ORDERED.

Entered this the __8th____ day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT